WILLIAM H. ANDREWS *vs.* GEORGE W. LOWTHROP, JUN.

Devise to A. during his life, and "after his decease to his heirs, their heirs and assigns
    forever."
*Held*, that A. took an estate in fee simple under the rule in Shelley's case.

BILL IN EQUITY for specific performance of a contract to sell
realty.   Heard upon bill and answers.

*May* 26, 1890.   PER CURIAM.   The principal question in this
case arises on the third clause of the will of Lucina W. Paine, as
follows: "Thirdly, I give and devise to my nephew, John Albert
Paine, the other half of my real estate during his natural life, and
after his decease to his heirs, their heirs and assigns forever."
The question is, whether said John Albert took under said clause
an estate in fee simple, or only an estate for life.   It is admitted
that he would have taken a fee simple under the rule in Shelley's
case, if the words "their heirs and assigns forever" had not been
added to the words "his heirs."   The question is, then, whether said
superadded words take the devise out of the rule in Shelley's case
by showing that "his heirs" were used, not as words of inheritance
or limitation, but to point out particular persons as devisees in
remainder, to wit: the persons who at the death of said John
Albert would be his heirs.   In *Manchester & wife* v. *Durfee*, 5
R. I. 549, the testator devised an undivided seventh part of his
estate to each of his five daughters, "the devise to my five daughters
to be to them an estate for life, and to the heirs of their bodies after
them, *and to their heirs and assigns of such heirs forever*," and
the court held that the daughters took estates in fee tail, the super-
added words being ineffectual to take the devise out of the rule in
Shelley's case.   This decision is supported by numerous cases that
put its correctness in this respect on authority beyond question.
3 Jarman on Wills, cap. xxxvii.; *Goodright* v. *Pullyn*, 2 Ld.
Raym. 1437; *Wright* v. *Pearson*, 1 Amb. 358; *Denn ex dem.
Geering* v. *Shenton*, 1 Cowp. 410; *Measure* v. *Gee*, 5 B. & A.
910; *Kinch* v. *Ward*, 2 Sim. & Stu. 409; *Osborne* v. *Shrieve*, 3
Mason, 391; *Morris* v. *Ward*, 36 N. Y. 587; 3 Greenleaf's
Cruise's Dig. 346.   Are such superadded words to be construed to
be equally without effect where the preceding words are "his heirs"

instead of " the heirs of his body " ? We know of no case in which this precise question is answered, but we see no reason why it should not be answered affirmatively. The text-writers do not recognize any distinction between the two phrases in this particular. 3 Greenleaf's Cruise's Dig. Tit. xxxviii. cap. xiv. § 17 ; 4 Kent Comment. *229, *230.

Our decision is, that said John Albert took an estate in fee simple.

*Nicholas Van Slyck & Cyrus M. Van Slyck,* for complainant.

*Charles F. Ballou,* for respondent.